**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

OPTION ONE MORTGAGE CORPORATION,

Plaintiff,

v.

KEVIN FITZGERALD, JACQUELINE FITZGERALD, NBT BANK, N.A., and JP MORGAN CHASE BANK, N.A.,

Defendants.

CIVIL ACTION NO. 3:07-CV-1877

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court are three motions of Defendant NBT Bank, N.A. ("NBT Bank"): a motion to dismiss Count III of Plaintiff's Complaint (Doc. 5), Motion to Strike Affidavit (Doc. 12), and Second Motion to Strike Affidavit (Doc. 15). Because Plaintiff has alleged that its copayees received delivery of the negotiable instrument in question and because Plaintiff has otherwise stated a claim for conversion under 13 PA. CONS. STAT. ANN. § 3420, Defendant's motion to dismiss will be denied. Because the Court is not converting this motion to a one for summary judgment and therefore not considering any attached affidavits, Defendant's motions to strike will be denied as moot. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## BACKGROUND

The facts as alleged by Plaintiff are as follows: Defendants Kevin and Jacqueline Fitzgerald ("the Fitzgeralds") own the real property located at 424 Tomahawk Road,

Paupack, Pennsylvania ("the Premises"), and executed and delivered a mortgage securing a Note ("the loan obligation") to Plaintiff Option One Mortgage Corporation ("Option One"). (Compl., Doc. 1 ¶¶ 8-9.) In accordance with the terms of the loan obligation, the Fitzgeralds had a policy of hazard insurance for damage to the Premises, and Plaintiff is a payee of any insurance proceeds. (*Id.* ¶¶ 10-11.) The Premises sustained fire damage on or about January 11, 2006, and thereafter, a loss draft check (Check No. 58320036, dated May 23, 2006) in the amount of one hundred thirteen thousand, six hundred thirteen dollars ($113,613.00), made payable to "Kevin Fitzgerald and Jacqueline Fitzgerald and Option One Mrtg Corp" was issued by Nationwide Insurance. (*Id.* ¶¶ 12-13.)

Plaintiff further alleges that the Fitzgeralds were to indorse the check and forward it to Plaintiff for its indorsement, after which, as standard procedure, Plaintiff would deposit the check into a trust account, disburse the funds as appropriate, and monitor the repairs. (*Id.* ¶¶ 14-15.) On or about June 26, 2006, the Fitzgeralds deposited the check, which had been indorsed by the Fitzgeralds only, with Defendant NBT Bank. (*Id.* ¶¶ 16-18.) Plaintiff alleges that although, as a named payee, it was a necessary signor, Defendants NBT Bank and JP Morgan Chase Bank, N.A. ("JP Morgan") both honored the check without Plaintiff's indorsement, paying its entire proceeds to the Fitzgeralds without Plaintiff's knowledge, consent, or authority. (*Id.* ¶¶ 20-22, 46, 66.) Plaintiff alleges that as a result of this action and the damage to the Premises, Plaintiff has no security in the loan obligation. (*Id.* ¶¶ 22-23.) Plaintiff alleges that NBT Bank has failed and/or refused to remit the amount of the check to Plaintiff.

Plaintiff brings claims of Conversion (Count I) and Fraud (Count II) against the Fitzgeralds, and claims of Conversion under 13 PA. CONS. STAT. ANN. § 3420 against NBT Bank (Count III) and JP Morgan (Count IV). NBT Bank presently moves to dismiss Count III of Plaintiff's Complaint. This motion is fully briefed and ripe for disposition.

**LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1960, 167 L.Ed.2d 929 (2007), meaning, enough factual allegations "to raise a reasonable expectation that discovery will reveal evidence of" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

Plaintiff brings its conversion claim against NBT Bank pursuant to 13 PA. CONS. STAT. ANN. § 3420, which provides:

> The law applicable to conversion of personal property applies to instruments. An instrument is also converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person

> not entitled to enforce the instrument or receive payment. *An action for conversion of an instrument may not be brought by* the issuer or acceptor of the instrument or *a payee or indorsee who did not receive delivery of the instrument either directly or through delivery to an agent or a copayee.*

13 PA. CONS. STAT. ANN. § 3420(a)(emphasis added).

Defendant NBT argues that the italicized language above bars Plaintiff's claim against it because Plaintiff, which alleges it is a payee, has not alleged that it received delivery of the instrument. (Br. in Supp., Doc. 6, at 3-4.) The statute, however, recognizes that "delivery to an agent or a copayee" constitutes delivery for purposes of a payee's right to bring a conversion claim. *See* 13 PA. CONS. STAT. ANN. § 3420(a); *see also Dowana & Helping Hand Staffing, Inc. v. Boykai & Citizens Bank, N.A.*, No. 01409, 2007 Phila. Ct. Com. Pl. LEXIS 248, at *3 (Phila. Com. Pl., July 18, 2007) ("HHS was allegedly the 'payee.' HHS may assert a conversion claim [under 13 PA. CONS. STAT. ANN. § 3420] only if HHS alleges that the checks were delivered to it or its agent or co-payee. Plaintiffs claim that the checks were delivered to Boykai, who was acting as an agent. . . . Therefore, plaintiffs may assert a claim for conversion against [the bank].") Additionally, the official comment to the identically-worded Uniform Commercial Code § 3-240, which appears as the commentary to 13 PA. CONS. STAT. ANN. § 3420, explains that "[i]f a check is payable to more than one payee, delivery to one of the payees is deemed to be delivery to all of the payees." U.C.C. § 3-240, cmt. 2.

Plaintiff's Complaint alleges that the Fitzgeralds indorsed the check, deposited it with NBT Bank, and failed to forward it to Plaintiff. (Am. Compl., Doc. 1 ¶¶ 14-17.) Plaintiff has thus alleged that the Fitzgeralds, its copayees, received delivery. As such, Plaintiff has alleged that it "received delivery . . . through delivery to an agent or a

copayee." 13 PA. CONS. STAT. ANN. § 3420(a). Defendant NBT Bank's motion to dismiss will therefore not be granted on the ground that Option One is an improper plaintiff.

NBT Bank also argues that "the Complaint fails to articulate with sufficient specificity as to who had possession of the check after it was issued" and that without such specific allegations, courts cannot determine the validity of claims to the instrument. (Br. in Supp., Doc. 6, at 3-4.) In support, NBT Bank cites *Mack v. CTC III Trust Co.*, Civ. A. No. 04-0083, 2004 U.S. Dist. LEXIS 13997, at *12 (E.D. Pa. July 19, 2004), where the court dismissed the plaintiff's conversion claim without prejudice, granting leave to amend the claim, because the complaint failed to make specific allegations about a number of facts, such as "who placed either or both endorsements on the check, who had possession of the check after it was issued, whether the purported endorsements were forgeries, who presented the endorsed check to First Federal for payment, or the relationship between Bear Sterns & Co., Ashbury and First Federal." *Id.* at *14.

Here, on the other hand, Plaintiff has made specific allegations concerning who indorsed the checks , who presented the checks to NBT Bank, and what the relationships among the parties are. Moreover, those allegations state a claim upon which relief can be granted. Under Section 3420, "[a]n instrument is . . . converted if . . . a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment." 13 PA. CONS. STAT. ANN. § 3420(a).

Under 13 PA. CONS. STAT. ANN. § 3110(d), "[i]f an instrument is payable to two or more persons not alternatively, it is payable to all of them and may be negotiated, discharged or enforced only by all of them." Whereas a check "payable to X or Y" is payable to either alternatively, one "payable to X and Y," like the check at issue here

payable to "Kevin Fitzgerald and Jacqueline Fitzgerald and Option One Mrtg Corp," is payable to those payees "not alternatively." *See* UCC § 3-110, cmt. 4 (appearing as commentary to 13 PA. CONS. STAT. ANN. § 3110). Plaintiff has thus alleged that the Fitzgeralds, alone, were not persons "entitled to enforce the instrument or receive payment." *See* 13 PA. CONS. STAT. ANN. § 3420(a). Plaintiff has also alleged that Defendant NBT Bank made payment with respect to the check for the Fitzgeralds. Therefore, Plaintiff has stated a claim in Count III upon which relief can be granted, and Defendant NBT Bank's motion to dismiss that Count will be denied.

Finally, this motion has not been converted to a motion for summary judgment under Federal Rule of Civil Procedure 56, and therefore the Court is not considering the affidavits of Lisa Carey for the purposes of this motion. For this reason, Defendant's motions to strike these affidavits will be denied as moot.

**CONCLUSION**

For the foregoing reasons, the Court will deny Defendant NBT Bank's motion to dismiss and its motions to strike.

An appropriate order follows.

June 9, 2007
Date

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| OPTION ONE MORTGAGE CORPORATION,<br><br>Plaintiff<br><br>v.<br><br>KEVIN FITZGERALD, JACQUELINE FITZGERALD, NBT BANK, N.A., and JP MORGANCHASE BANK, N.A.,<br><br>Defendants. | CIVIL ACTION NO. 3:07-CV-1877<br><br>(JUDGE CAPUTO) |

**ORDER**

Now, this 9th day of June, 2008, it is **HEREBY ORDERED** that :

(1) Defendant NBT Bank's Motion to Dismiss Count III of Plaintiff's Complaint (Doc. 5) is **DENIED**.

(2) Defendant NBT Bank's Motion to Strike Affidavit (Doc. 12) and Second Motion to Strike Affidavit (Doc. 15) are **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge